No. 60068.—Joseph Poli Company v. United States, protests 160698-K, 166526-K, and 177206-K (Pittsburgh).

Donlon, Judge: Previous submission of these cases at Pittsburgh was set aside pursuant to stipulation, and all three cases were resubmitted to the third division as now constituted.

The issue is the same in all three cases. Plaintiff entered the several articles as original sculptures or statuary, claiming their entry to be duty free under paragraph 1807 of the Tariff Act of 1930. The collector liquidated the entries as follows:

Protest No. 160698-K, as a work of art, not specially provided for, under paragraph 1547 (a) (2), dutiable at 20 percent ad valorem.

Protest No. 166526-K, as a work of art, not specially provided for, under paragraph 1547 (a) (2) dutiable at 20 percent ad valorem.

Protest No. 177206-K, as a work of art, not specially provided for, under paragraph 1547 (a), as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T. D. 52373, and the President's proclamation, dated May 13, 1950, T. D. 52476, dutiable at 10 percent ad valorem.

Proofs were adduced by plaintiff only.

Motion was made by plaintiff on January 23, 1952, for a commission to take, in Italy, the deposition of Professor Spartaco Palla, who describes himself as an "industrial sculptor." This motion was made in only two of these three cases, namely, protests 160698-K and 166526-K. (A protest not now before us, 153001-K, was included in plaintiff's motion and in the commission ordered.) On April 25, 1952, this court issued its order and commission to take such deposition on attached written interrogatories submitted by plaintiff. Defendant did not avail itself of the privilege of presenting cross-interrogatories. The commission (covering, so far as this trial is concerned, only protests 160698-K and 166526-K) was returned to this court by the consul of the United States of America in Florence, Italy, on October 31, 1952.

Thereafter, the three cases were duly noticed on several Pittsburgh calendars, and continued at the request of counsel, without testimony. On June 3, 1955, the cases were consolidated for trial, without objection, and plaintiff introduced its sole witness, Mr. Henry Poli, an architect and a partner of the plaintiff firm.

Briefs have been filed.

The issue is whether these articles, or any of them, are original statues or statuary within the meaning of the duty-free provision of paragraph 1807. The test of originality is whether the artist who executed the sculpture and

statuary exercised his own esthetic imagination and conception in creating the works. *Forest Lawn Memorial-Park* v. *United States*, 29 Cust. Ct. 224, C. D. 1472, and the cases therein cited.

The proof adduced in support of plaintiff's claim under protest 160698–K, includes the testimony of Mr. Poli that Mr. Palla originated and Mr. Poli approved the sketch for the marble sculpture of St. Joseph and Child. However, Mr. Palla does not identify this statue of St. Joseph and Child among the sculptures which he names, in his deposition, as his original works. Therefore, as to protest 160698–K, plaintiff has not overcome the presumption of correctness attaching to the collector's liquidation.

As to protest 166526–K, the record rather effectively negatives plaintiff's claim. The memorial bas relief, a war memorial, was conceived and designed by Mr. Henry Poli, as he testified (p. 4). Indeed, Mr. Poli exhibited considerable professional pride in the production, testifying: "There's not another one like it because it's mine." (P. 5.) It is difficult to see how this testimony of originality on the part of Mr. Poli is consonant with his and Mr. Palla's claim of originality for Mr. Palla, the sculptor who executed the Poli design. On this record, we are of opinion that plaintiff has not overcome the presumption of correctness attaching to the collector's liquidation of the entry covered by protest 166526–K.

There remains to be considered the proofs adduced as to protest 177206–K. Whether or not plaintiff intended to move, as to this protest, for a commission to take Mr. Palla's testimony in Italy, he did not do so. No order for a commission was granted as to protest 177206–K. Therefore, there is properly before us, as to this protest, only the proofs adduced by Mr. Poli's testimony at the trial. The deposition is not admissible in a case not comprehended within the commission.

Mr. Poli's testimony on direct examination related chiefly to protest 166526–K. On cross-examination, he mentioned also the statue which is the subject of protest 160698–K, the "first" as he called it. (P. 5.)

On this record, plaintiff has failed, in protest 177206–K, to overcome the presumption of correctness attaching to the collector's liquidation.

The protests are overruled. Judgment will be rendered accordingly.